## COUNTY OF CASS v. SHORES.

The order of the county court of Cass County, Mo., entered upon its records Oct. 20, 1871 (*infra*, p. 377), authorized the execution of the bonds sued on, and they are, in the hands of an innocent holder for value, binding upon the county.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

This was an action brought by Shores against the county of Cass to recover the amount of certain bonds and coupons. A copy of one of the bonds and of a coupon thereunto attached is as follows: —

" No. 38.]          THE STATE OF MISSOURI.          [$500.

"*Cass County Funding Bond.    Ten per cent, semiannually.*

" Issued by the order of the county court, under and by virtue of the power and authority conferred by an act of the General Assembly of the State of Missouri, entitled ' An Act to enable counties, cities, and incorporated towns to fund their respective debts,' passed and approved March 24, 1868.

" Know all men by these presents, that the county of Cass, in the State of Missouri, acknowledges itself indebted to, and hereby promises to pay, the bearer hereof, for value received, at the banking-house of Northrup & Chick, in the city and State of New York, $500, three years after the date hereof, with interest thereon from date at the rate of ten per cent per annum, payable semiannually, on the second days of April and October of each year, on the presentation and delivery at said banking-house of the coupons hereto attached.

" In testimony whereof, the said county of Cass has executed this

bond by the presiding justice of the county court of said county, under the order of said court, signing his name hereto, and by the clerk of said court, under the order thereof, attesting the same, and affixing hereto the seal of said court. Done at the court-house in the city of Harrisonville, in said county, on the first day of October, 1871.

[SEAL.]                          "Jehiel C. Stevenson,
                    " *Presiding Justice of the County Court of Cass County, Mo.*
" C. H. Dore,
          " *Clerk of the County Court of Cass County, Mo.*
" By S. J. Jones, *D. C.*"

" $25.]                          Harrisonville, Cass Co., Mo.,
                                        " Oct. 1, 1871.

" The County of Cass, State of Missouri, acknowledges itself to owe, and promises to pay to the bearer, $25 on the second day of October, 1874, at the banking-house of Northrup & Chick, in the city and State of New York, being the interest on funding bond No. 38.                          C. H. Dore, *Clerk,*
                                   " By S. J. Jones, *D. C.*"

The act of the General Assembly mentioned in the bond is in these words : —

" Section 1. That the various counties of this State be, and they are hereby, authorized to fund any and all debts they may owe, and for that purpose may issue bonds, bearing interest at not more than ten per cent per annum, payable semiannually, with interest coupons attached ; and all counties, cities, or towns in this State which have or shall hereafter subscribe for the capital stock of any railroad company, may, in payments of such subscriptions, issue bonds bearing interest at not more than ten per cent per annum, payable semiannually, with interest coupons attached. The bonds authorized by this act shall be payable not more than twenty years from date thereof."

This act to take effect from and after its passage.

Pursuant to an act of the General Assembly, approved March 23, 1868, which will be found *supra*, p. 361, the county court of said county issued bonds, with interest coupons attached, in the name of the county, on behalf of the township of Camp Branch, to aid in the construction of a railroad through said township. Certain of said coupons remaining unpaid Oct. 20, 1871, said court, having, under the laws of

the State, the management of the business and property of the county, entered at that date upon its records the following order: —

"Ordered by the court, that whereas coupons for interest upon certain bonds of Cass County, issued for the benefit of the townships of Camp Branch and Grand River, to aid in the construction of the St. Louis, Holden, and Santa Fé Railroad, have matured and remain unpaid; and whereas the court has been prevented from making any provisions therefor until since the last annual levy of taxes; and whereas the credit of the county has suffered, and is likely to suffer, on account thereof; and whereas, in the opinion of the court, good faith and honor require that counties, as well as individuals, should meet their obligations in good faith: Therefore, for the purpose of paying said coupons, keeping the faith of the county, protecting and preserving her credit, and also that the next levy of taxes upon said townships may not prove burdensome, it is ordered by the court that, for the benefit of Camp Branch Township, in the county of Cass, there be issued county funding-bonds of the denomination of $500 each, to the amount of $8,000, with coupons for the payment of interest semiannually, at the rate of ten per cent, thereto attached.; said bonds to bear date Oct. 1, 1871; said coupons for interest to be payable on the second day of April and October of each year, at the banking-house of Northrup & Chick, in the city and State of New York, at which place said bonds shall be payable three years after the date thereof; said bonds to be signed by the presiding justice of this court, and attested by the clerk under the seal thereof, and numbered from 1 to 16 inclusive; said coupons to be signed by the clerk. It is also ordered that, for the benefit of the township of Grand River, in said county, there be issued funding bonds of the county of Cass, of the denomination of $500 each, to the amount of $15,000, with coupons for the payment of interest semiannually, at the rate of ten per cent per annum, thereto attached; said bonds to bear date Oct. 1, 1871; said coupons for interest to be payable on the second day of April and October of each year, at the banking-house of Northrup & Chick, in the city and State of New York, at which place said bonds shall be payable three years after the date thereof; said bonds to be signed by the presiding justice of this court, and attested by the clerk under the seal thereof, and numbered from 17 to 44 inclusive; said coupons to be signed by the clerk. It is further ordered, that, inasmuch as C. H. Dore, the

clerk of this court, is in person absent from the county and State, said bonds be attested ánd signed by S. J. Jones, his duly appointed and authorized deputy. It is further ordered, that said bonds, when issued, be delivered. to William H. Allen, who is hereby appointed financial agent of the county, for the purpose of disposing of a sufficient number of said bonds, and paying the coupons of interest which have matured on the bonds of Cass County, issued for the benefit of said townships to aid in the construction of the St. Louis, Holdén, and Santa Fé Railroad; and that said agent hold the balance of said bonds subject to the order of this court."

The bonds with the interest coupons attached for the recovery of which the suit was brought were, it was claimed, issued by virtue of that order.

The county set up by way of defence that the debt so funded was a township debt, for the payment of which the court could not bind the county; and, furthermore, that the persons who executed the bonds and coupons were special agents of the county, with limited power, derived solely from an order which did not confer upon them the requisite authority. The plaintiff replied that the county did execute them, and cause them to be sold in open market, where he purchased them for value, in good faith and without knowledge of any fact or circumstances which would impair their validity.

The court below, to which the trial of the issue was by a stipulation of the parties submitted, found that the foregoing order was made by the county court, and that by virtue thereof the bonds and coupons in suit were executed, and that Allen, the agent appointed for the purpose, sold them to Shores, who paid full value for them, in good faith and with no knowledge of any circumstance connected with their issue other than what appears upon the face of them, and what the law would, upon the foregoing facts, impute to him; and that the moneys arising from the sale were applied to the payment of said overdue and unpaid coupons.

The court further found that said bonds and coupons were, in the hands of Shores, the valid obligations of said county, and that he was, as an innocent holder of them for value, entitled to recover against it the amount of them and interest thereon.

Judgment was rendered accordingly.  The county sued out this writ of error.

The case was argued for the plaintiff in error by *Mr. Willard P. Hall* and *Mr. John C. Gage*, and for the defendant in error by *Mr. John D. Stevenson*.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It was conceded upon the argument, that, under the decisions of this court, the county was estopped from denying its liability upon the bonds in question, being, as they are, in the hands of an innocent holder, if the presiding justice of the county court and the clerk were, by the terms of the order of Oct. 20, 1871, authorized to execute bonds which would bind the county for their payment.  The question of the power of the county court under the law to bind the county for the payment of a debt of a township, or to issue bonds on behalf of a township to fund township debts, is not involved.  The only inquiry is as to the authority conferred upon the presiding justice and the clerk by the terms of the order.  On the one hand, it is contended that they were only empowered to issue the bonds of the county in behalf of the township, and thus bind the township alone for payment under the township aid act ; and, on the other, that they were authorized to charge the county with the indebtedness to be incurred.

The latter, we think, is the true construction of the order. It recited that coupons for interest upon the bonds of the county issued for the benefit of the township had matured and remained unpaid ; that the court had been prevented from making provision therefor until after the last annual levy of taxes ; that the credit of the county had suffered, and was likely to suffer, on account thereof ; and that honor required counties as well as individuals to meet their obligations in good faith.  It then directed that, for the benefit of the township, county funding-bonds be issued " for the purpose of paying said coupons, keeping the faith of the county, protecting and preserving her credit, and also that the next levy of taxes upon said township may not prove burdensome."  For the purposes of construction, language is to be given, if possible,

its ordinary and natural meaning. Applying this elementary rule in the present case, there seems hardly room for doubt as to what was intended. "County funding-bonds" were to be issued to protect the faith and preserve the credit of the county. The law under which the action was taken was one authorizing counties "to fund any and all debts they may owe." The county court may have been mistaken in supposing that the interest in arrears was a county debt; but, however that may be, they clearly assumed that it was, and acted accordingly.                                *Judgment affirmed.*